UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JINGLI HUANG,<br><br>        Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS ADMINISTRATION, et al.,<br><br>        Defendants. | Case No. 22-cv-03363-BLF<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF No. 12] |

Since April 1, 2020, Plaintiff Jingli Huang has been seeking an Economic Injury Disaster Loan ("EIDL") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). ECF No. 12 ("TRO") at 5. Huang claims that two weeks after he filed the EIDL application, the Small Business Administration ("SBA") denied the application based on his allegedly unsatisfactory credit history. *Id.* at 6. Huang says that starting on September 27, 2021, after SBA changed the criteria for issuing EIDLs, he submitted reconsideration requests and repeatedly called and emailed the SBA and Internal Revenue Service to try to get his application approved. *Id.* at 6–8. His efforts were to no avail, and SBA denied his final appeal on May 3, 2022. *Id.* at 8.

Huang has now filed a motion for a temporary restraining order. *See* TRO. His motion seeks an emergency order from this Court (1) preventing the SBA from enforcing certain policies he claims were the basis for the denial of his EIDL application; and (2) ordering the SBA to reinstate and process his application. *Id.* at 2. For the reasons explained below, the Court DENIES the motion for a temporary restraining order.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp.

1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking emergency injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

      Huang is not entitled to a temporary restraining order for multiple reasons. First, he has not met the additional procedural requirements for issuance of a temporary restraining order without notice to the adverse party. Under Federal Rule of Civil Procedure 65(b), a court may grant a temporary restraining order without notice to the adverse party only if "(1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *See Gandrup v. GMAC Mortg.*, 2011 WL 703753, at *1–2 (N.D. Cal. Feb. 18, 2011) (quoting Fed. R. Civ. P. 65(b)(1)). There is no indication on the docket that Huang notified Defendants about his motion, and Huang has neither submitted an affidavit describing immediate and irreparable injury nor stated any efforts he himself made to notify Defendants about his motion.

      Second, Huang has failed to show a likelihood of success on the merits. *Winter*, 555 U.S. at 22. Just a few days ago, the Court screened Huang's original complaint under 28 U.S.C. § 1915 and found that he failed to state a claim upon which relief could be granted. *See* ECF No. 11. The Court dismissed all the claims in Huang's original complaint—two without leave to amend and three with leave to amend. *Id.* at 2–4. Because Huang has not yet filed an amended complaint,

1   there is no operative pleading in this case, and Huang cannot rely solely on the arguments in his
2   briefing.  He must instead file an amended complaint and submit with a motion supporting
3   evidence that establishes his likelihood of success on the merits.  *See U.S.A. Express Cab, LLC v.*
4   *City of San Jose*, 2007 WL 4612926, at *6 (N.D. Cal. Dec. 31, 2007) ("Arguments in briefing and
5   allegations in unverified complaints cannot serve as the basis for injunctive relief.").  For the
6   reasons described in the screening order and because there is no operative complaint on file with
7   the Court, Huang has not shown a likelihood of succeeding on the merits of his claims.

        Finally, Huang has failed to show that he will suffer irreparable harm in the absence of injunctive relief.  *Winter*, 555 U.S. at 22.  Huang has not submitted an affidavit describing any dire consequences resulting from the denial of his EIDL application, and he again cannot rely on bare assertions in in his motion papers.  *See U.S.A. Express Cab*, 2007 WL 4612926, at *6.  Moreover, it appears that Huang has delayed in seeking emergency relief.  "[A] plaintiff's delay in seeking relief weighs against granting a TRO."  *Perez v. City of Petaluma*, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying motion for temporary restraining order where plaintiff waited "a full month" after the issuance of the challenged city resolution to seek a TRO).  Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny emergency relief based on delays of as little as ten days.  *See Oracle Am., Inc. v. Myriad Grp. AG*, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2021) (three-and-a-half month delay); *Devashayam v. DMB Capital Grp.*, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Lee v. Haj*, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) (one-month delay); *Altman v. County of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay).  Here, Huang's loan process has been going on for two years, and the SBA denied his final appeal on May 3, 2022—nearly two months ago.  This delay further counsels against a finding of irreparable harm.

        For those reasons, IT IS HEREBY ORDERED that Huang's motion for a temporary restraining order is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.  Prior to filing a motion for a preliminary injunction, Huang must first file an amended complaint based on the Court's guidance in the screening order.  *See* ECF No. 11.  The U.S.

3

Marshal will then serve Defendants with the amended complaint. An amended complaint would be subject to further screening under 28 U.S.C. § 1915 prior to the Court considering any motions. Huang's deadline to file an amended complaint remains July 28, 2022. The Clerk SHALL serve Huang with this Order.

Dated: July 1, 2022

_____
BETH LABSON FREEMAN
United States District Judge