UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JINGLI HUANG,<br><br>        Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS ADMINISTRATION, et al.,<br><br>        Defendants. | Case No.  22-cv-03363-BLF<br><br>**ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Re:  ECF Nos. 14, 15] |

In this lawsuit, Plaintiff Jingli Huang challenges the Small Business Administration's ("SBA") denial of his business's application for an Economic Injury Disaster Loan ("EIDL") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Huang has filed a second motion for a temporary restraining order. ECF No. 15 ("2nd TRO"). For the reasons explained below, the second motion for a temporary restraining order is DENIED.

I. **PROCEDURAL HISTORY**

The Court previously granted Huang's motion to proceed in forma pauperis, screened his original complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend in part. ECF No. 11 ("Scrn. Ord."). The Court found that Huang failed to state a claim upon which relief could be granted. First, the Court held that the complaint did not name Huang's business—the entity seeking the loan—as the plaintiff. *Id.* at 2. Second, the Court dismissed without leave to amend Huang's second and fifth counts under the Administrative Procedure Act's ("APA") mandamus provision, 5 U.S.C. § 706(1), because under the relevant statute, the SBA had no "specific, unequivocal command" to issue an EIDL to Huang's business. *Id.* at 2–3. Third, the Court dismissed with leave to amend Huang's first, third, and fourth counts under other APA provisions, finding that Huang failed to allege facts supporting that his business met the

requirements SBA instituted for receiving an EIDL under the CARES Act. *Id.* at 3–4. The Court instructed Huang to file an amended complaint before July 29, 2022. *Id.* at 5.

After that order issued but before Huang filed an amended complaint, on July 1, 2022, Huang filed a motion for a temporary restraining order seeking an emergency order from the Court (1) preventing SBA from enforcing certain policies he claims were the basis for the denial of the EIDL application; and (2) ordering the SBA to reinstate and process his application. ECF No. 12 at 2. The same day, the Court denied the motion for a TRO on several grounds. ECF No. 13 ("TRO Ord."). First, the Court found Huang had failed to meet the additional procedural requirements for issuing a TRO without notice to the adverse party. *Id.* at 2. Second, the Court held that Huang failed to show a likelihood of success on the merits because Huang's original complaint was screened and dismissed and no amended pleading had been filed. *Id.* at 2–3. Finally, the Court held that Huang failed to show that he would suffer irreparable harm in the absence of emergency injunctive relief because (1) he failed to submit an affidavit describing consequences from the denial of his business's EIDL application, and (2) he delayed for two months after SBA denied his business's final appeal before seeking emergency relief. *Id.* at 3. The Court denied the motion for a temporary restraining order "WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction." *Id.* The Court instructed Huang to first file an amended complaint based on the Court's guidance in the screening order. *Id.* The Court warned Huang that any amended complaint would be subject to further screening under 28 U.S.C. § 1915 prior to the Court considering any motions. *Id.* at 4.

On July 20, 2022, Huang filed an amended complaint. ECF No. 14 ("FAC"). The Court has not yet screened the amended complaint pursuant to 28 U.S.C. § 1915. Huang filed the second motion for a temporary restraining order on July 28, 2022. *See* 2nd TRO.

**II.     SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER**

    **A.     Legal Standard**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp.

2

1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking emergency injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**B.     Discussion**

Huang's second motion for a temporary restraining order suffers from several of the same defects that the Court noted in its first screening order and its order denying Huang's first motion for a temporary restraining order.

*a.   Procedural Requirements*

Huang has still not met the additional procedural requirements for issuance of a temporary restraining order without notice to the adverse party. As the Court noted in the previous order, a court can only grant a temporary restraining order without notice if "(1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney [or plaintiff] certifies in writing any efforts to give notice and the reasons why it should not be required." TRO Ord. at 2 (quoting *Gandrup v. GMAC Mortg.*, 2011 WL 703753, at *1–2 (N.D. Cal. Feb. 18, 2011) (quoting Fed. R. Civ. P. 65(b)(1))). Although Huang has now submitted an affidavit describing the effects of the COVID-19 pandemic on his business's financial stability, the affidavit does not describe the efforts he made himself to notify Defendants about his motion. The certificates of service attached to some of Huang's materials indicate only that he has filed the document on the Court's Electronic Case Filing system. *See* TRO at 20. But filing documents

1   through the ECF system does not presently notify Defendants because Defendants have not yet
2   been served or appeared in this action.  Because Huang has failed to comply with these procedural
3   requirements, issuing a TRO without notice to Defendants would not be proper.

### b. Likelihood of Success on the Merits

Huang has also failed to show a likelihood of success on the merits.  *Winter*, 555 U.S. at 22.  The Court notes the same fundamental issue with Huang's claims that it did in the screening order.  Huang is the only named plaintiff in this case, but it is his business that filed the EIDL application.  The Court told Huang that he needed to name his business as a plaintiff or plead facts explaining why he need not do so.  Scrn. Ord. at 2.  Huang has not named his business as a plaintiff in this action, nor does his amended complaint plead facts establishing why he need not do so.  The only reference to this issue is a footnote in the amended complaint that appears to assert that there have been other complaints regarding EIDLs under the CARES Act that were brought by individual business owners instead of their businesses.  *See* FAC ¶ 2 n.1  To the extent that this asserts that he need not name his business as a plaintiff, Huang offers no legal authority for that argument either in his TRO or his complaint.  He does cite two cases in other districts in which individual pro se business owners brought claims against the SBA without their businesses named as plaintiffs.  *See Raley v. Small Bus. Admin.*, No. 22-cv-3703 (C.D. Cal.); *March v. Small Bus. Admin.*, No. 22-cv-543 (E.D. Mo.).  But in neither of those cases did the courts hold that the business did not need to assert the claim itself.[1]

To the contrary, the statute authorizing the SBA to issue EIDLs makes clear that loans are made to "any small business concern, private nonprofit organization, or small agricultural cooperative," not to individual business owners.  15 U.S.C. § 636(b)(2).  Sample COVID-19 EIDL application materials available on the SBA website indicate that an "Applicant" for the EIDLs is (as relevant here) a "business" that has not more than 500 employees, not the business's individual

---

[1] Indeed, both courts denied the plaintiffs' motions for temporary restraining orders.  *See Raley*, ECF No. 16; *March*, ECF No. 5.  The *March* court screened the complaint and ordered the clerk to issue process, but it did not discuss whether the individual plaintiff had standing to assert a claim on behalf of his business and emphasized that its order letting the case proceed was "preliminary" and "not a determination of the merits of [the] claim or potential defenses thereto."  *See March*, ECF No. 5.

4

owner. *See* Sample COVID-19 Economic Injury Disaster Loan Application, *available at* https://tinyurl.com/2p8vswed.[2] The application separately asks questions about the "owner of the Applicant" on multiple occasions. *See id.* Accordingly, the applicant for the EIDL was Huang's business, not Huang himself. Based on the facts pled in the amended complaint, Huang has not shown that he has standing to assert a claim for the business's denied EIDL application. *See Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1982) (to demonstrate standing, a business owner must show that he was "injured directly and independently of the corporation"). Because Huang has not pleaded facts sufficient to establish his standing to assert claims based on the denial of his business's EIDL application, he cannot show a likelihood of success on the merits.

Because Huang has failed to demonstrate a likelihood of success on the merits, the Court need not consider the remaining *Winter* factors. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013).

    c. *Timeliness*

Additionally, the Court finds that Huang delayed in seeking emergency relief from this Court. "[A] plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying motion for temporary restraining order where plaintiff waited "a full month" after the issuance of the challenged city resolution to seek a TRO). Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny emergency relief based on delays of as little as ten days. *See Oracle Am., Inc. v. Myriad Grp. AG*, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2021) (three-and-a-half month delay); *Devashayam v. DMB Capital Grp.*, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Lee v. Haj*, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) (one-month delay); *Altman v. County of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay). As the Court previously noted, Huang's loan process has been going on for two years, and the SBA denied his final appeal on May 3, 2022—

---

[2] One of the other eligible types of applicants is "an individual who operates under a sole proprietorship, with or without employees, or as an independent contractor and, together with affiliates has not more than 500 employees." But Huang alleges that his business is incorporated, not that he is a sole proprietor or independent contractor. FAC ¶ 2; *see also* 2nd TRO at 4.

nearly two months ago. The Court acknowledges Huang's statements in his new affidavit. *See* ECF No. 15-2 ("Huang Decl."). Huang says that after SBA denied his final appeal, he sought assistance from his members of Congress and made appointments with the Federal Pro Se Program. *See id.* ¶ 24. But even accepting these assertions, Huang still waited almost one month from the date he filed this case before seeking emergency relief in his first motion for a temporary restraining order. *Compare* ECF No. 1 (complaint, filed June 8, 2022), *with* ECF No. 12 (first TRO, filed July 1, 2022). Once Huang decided to file the complaint, he should have immediately sought emergency relief. Huang's delay in doing so is an additional ground for denying his second motion for a temporary restraining order.

**III. ORDER**

For those reasons, the second motion for a temporary restraining order is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction. No further motions for a temporary restraining order will be permitted. Huang's amended complaint (ECF No. 14) is still subject to screening under 28 U.S.C. § 1915 prior to the Court considering any noticed motion for a preliminary injunction.

Dated: July 29, 2022

_____
BETH LABSON FREEMAN
United States District Judge