1

2

3
**UNITED STATES DISTRICT COURT**

4
**NORTHERN DISTRICT OF CALIFORNIA**

5
**SAN JOSE DIVISION**

6

7
JINGLI HUANG,

Case No.  22-cv-03363-BLF

8
　　　　　Plaintiff,

9
　　　　v.

**ORDER SCREENING FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915**

10
SMALL BUSINESS ADMINISTRATION, et al.,

[Re:  ECF No. 14]

11

12
　　　　　Defendants.

13
　　　　Pro se Plaintiff Jingli Huang has filed a lawsuit against the Small Business Administration,

14
alleging that the SBA improperly denied his business an Economic Injury Disaster Loan ("EIDL")

15
under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The Court

16
previously granted Huang's motion to proceed *in forma pauperis* and screened and dismissed with

17
leave to amend in part Huang's original complaint.  ECF No. 11.  After the screening order, the

18
Court denied two successive motions for temporary restraining orders.  ECF Nos. 13, 16.  In the

19
order denying the second motion for a temporary restraining order, the Court noted that Huang's

20
newly filed First Amended Complaint was still subject to screening in a separate order.  *See* ECF

21
No. 16 at 6.

22
　　　　This order screens the First Amended Complaint.  A complaint filed by any person

23
proceeding *in forma pauperis* is subject to a mandatory and sua sponte review and dismissal by

24
the Court if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

25
seeks monetary relief against a defendant who is immune from relief.  28 U.S.C § 1915(e)(2)(B);

26
*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  After screening, the Court

27
DISMISSES the First Amended Complaint because Huang has failed to allege facts demonstrating

28
that he has standing to bring his claims.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    As the Court noted in its screening order and the order denying Huang's second motion for

2    a temporary restraining order, Huang is the only named plaintiff in this case, but he seeks relief

3    based on the denial of *his business's* application for an EIDL under the CARES Act.  *See* ECF No.

4    11 at 2; ECF No. 16 at 4–5.  The Court previously instructed Huang to name his business as a

5    plaintiff or plead facts explaining why he failed to do so.  ECF No. 16 at 4.  Huang has not named

6    his business as a plaintiff in the First Amended Complaint.  Nor has he pleaded facts establishing

7    why he need not do so.  Huang only cites two cases in which individual pro se business owners

8    brought claims against the SBA related to the CARES Act without their businesses named as

9    plaintiffs.  *See* FAC ¶ 2 n.1 (citing *Raley v. Small Bus. Admin.*, No. 22-cv-3703 (C.D. Cal.); *March*

10   *v. Small Bus. Admin.*, No. 22-cv-543 (E.D. Mo.)).  But as the Court previously noted, neither of

11   those courts held that the business did not need to assert the claim itself.

12   The statutory language and extrinsic evidence make clear that the SBA issues EIDLs to

13   incorporated businesses, not the individual owners of those businesses.  The relevant statute

14   authorizes the SBA to issue EIDLs to "any small business concern, private nonprofit organization,

15   or small agricultural cooperative," not to individual business owners.  15 U.S.C. § 636(b)(2).

16   Additionally, a sample COVID-19 EIDL application on the SBA website indicates that an

17   "Applicant" for the EIDL is (as relevant here, where Huang does not allege he is a sole proprietor

18   or independent contractor) a "business" that has not more than 500 employees, not the individual

19   business owner.  *See* Sample COVID-19 Economic Injury Disaster Loan Application, *available at*

20   https://tinyurl.com/2p8vswed (last accessed July 29, 2022).  That application separately asks

21   questions about the "owner of the Applicant," making clear that the owner him- or herself is not

22   the Applicant.  *See id.*  Because the business itself is the applicant, the business is the one that has

23   suffered the injury-in-fact from denial of the EIDL application, not Huang himself.  Huang has not

24   alleged facts sufficient to establish his own standing, independent of injury to his business from

25   the denied EIDL application.  *See Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir.

26   1982) (to demonstrate standing, a business owner must show that he was "injured directly and

27   independently of the corporation").  Because Huang has not pleaded facts sufficient to establish

28   his standing, he has failed to state a claim upon which relief can be granted, and his complaint is

1   subject to dismissal.  Because no named plaintiff has standing, the Court lacks jurisdiction over

2   the case and cannot analyze whether the claims themselves would be sufficiently pleaded if a

3   plaintiff did have standing.  *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("[B]efore a federal

4   court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the

5   court must establish the requisite standing to sue.").

6           The Court finds that limited leave to amend on the standing issue is warranted.  The Court

7   previously warned Huang that failure to plead a claim for relief in an amended complaint was

8   grounds for dismissing his case with prejudice.  ECF No. 11 at 5.  Huang has again failed to allege

9   facts demonstrating his own standing to assert a claim or name the business as a plaintiff.  The

10  Court will, however, give him one more opportunity to name the corporation as a party or allege

11  facts showing why Huang has standing to proceed in his own name.

12          Because incorporated businesses cannot proceed pro se in federal court, Huang must also

13  obtain counsel for his business before naming it as a plaintiff.  *See Rowland v. Cal. Men's Colony*,

14  506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a

15  corporation may appear in the federal courts only through licensed counsel . . . ."); Civ. L.R. 3-

16  9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only

17  through a member of the bar of this Court.").  The Court has a webpage with information that may

18  be helpful for Huang if he decides to proceed with this lawsuit by adding his business as a named

19  plaintiff and obtaining counsel for it.  *See* https://cand.uscourts.gov/pro-se-litigants/finding-a-

20  lawyer/.

21      / / /

22      / / /

23      / / /

24      / / /

25      / / /

26      / / /

27      / / /

28      / / /

United States District Court
Northern District of California

3

1       For those reasons, the Court DISMISSES Huang's First Amended Complaint. To proceed

2 with the lawsuit, Huang must name his business as a plaintiff in an amended complaint and have

3 counsel appear on behalf of the business, or allege facts showing why he has standing as an

4 individual. Huang must file an amended complaint **no later than September 16, 2022**. If he fails

5 to do so, the case will be closed without further notice.

6       **IT IS SO ORDERED.**

7

8 Dated: August 4, 2022

9

BETH LABSON FREEMAN
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4