UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JINGLI HUANG,<br><br>        Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS ADMINISTRATION, et al.,<br><br>        Defendants. | Case No. 22-cv-03363-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF No. 31] |

Plaintiff Jingli Huang challenges the Small Business Administration's ("SBA") denial of his business's application for an Economic Injury Disaster Loan ("EIDL") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Now before the Court is Defendants' motion to dismiss. ECF No. 31 ("MTD"); *see also* ECF No. 37 ("Reply"). Plaintiff opposes the motion. ECF No. 36 ("Opp."); *see also* ECF No. 42 ("Surreply"). For the reasons explained below, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

I.  **BACKGROUND**

Plaintiff filed suit against Defendants the U.S. Small Business Administration; Isabel Guzman, in her official capacity as the Administrator of the SBA; Janet Yellen, in her official capacity as the Secretary of the Treasury; and the United States of America. *See* ECF No. 18 ("SAC"). Plaintiff alleges that he is the founder and owner of DLS US, a full-service restaurant incorporated under the laws of the state of Delaware and legally registered in California. *Id.* ¶¶ 12-13. Plaintiff submitted an application for an Economic Injury Disaster Loan ("EIDL") from the SBA under the CARES Act on behalf of DLS US on April 1, 2020. *Id.* ¶ 50. The application was denied later that month. *Id.* ¶ 52. Plaintiff applied for reconsideration of the denial. *Id.* ¶ 55. The application was again denied. *Id.* ¶ 64. Plaintiff submitted a final appeal. *Id.* ¶ 73. The

appeal was denied. *Id.* ¶ 75.

Plaintiff filed his initial Complaint on June 8, 2022. ECF No. 1. The Court granted Huang's motion to proceed in forma pauperis, screened his original complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend in part. ECF No. 11. The Court found that Huang failed to state a claim upon which relief could be granted. First, the Court held that the complaint did not name Huang's business—the entity seeking the loan—as the plaintiff. *Id.* at 2. Second, the Court dismissed without leave to amend Huang's second and fifth counts under the Administrative Procedure Act's ("APA") mandamus provision, 5 U.S.C. § 706(1), because the SBA had no "specific, unequivocal command" to issue an EIDL to Huang's business under the relevant statute. *Id.* at 2–3. Third, the Court dismissed with leave to amend Huang's first, third, and fourth counts under other APA provisions, finding Huang failed to allege facts supporting that his business met SBA's requirements for receiving an EIDL under the CARES Act. *Id.* at 3–4. The Court instructed Huang to file an amended complaint before July 29, 2022. *Id.* at 5.

After that order issued but before he filed an amended complaint, on July 1, 2022, Huang filed a motion for a temporary restraining order seeking an emergency order from the Court (1) preventing SBA from enforcing certain policies he claims were the basis for the denial of the EIDL application; and (2) ordering the SBA to reinstate and process his application. ECF No. 12. The same day, the Court denied the motion for a TRO on several grounds. ECF No. 13. First, the Court found Huang had failed to meet the additional procedural requirements for issuing a TRO without notice to the adverse party. *Id.* at 2. Second, the Court held that Huang failed to show a likelihood of success on the merits because his original complaint was screened and dismissed and no amended pleading had been filed. *Id.* at 2–3. Finally, the Court held that Huang failed to show that he would suffer irreparable harm in the absence of emergency injunctive relief because (1) he failed to submit an affidavit describing consequences from the denial of his business's EIDL application, and (2) he delayed for two months after SBA denied his business's final appeal before seeking emergency relief. *Id.* at 3. The Court denied the motion for a temporary restraining order "WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction." *Id.* The Court

1    instructed Huang to first file an amended complaint based on the Court's guidance in the screening
2    order. *Id.*
3          On July 20, 2022, Huang filed an amended complaint. ECF No. 14.  And Huang filed a
4    second motion for a temporary restraining order on July 28, 2022.  ECF No. 15.  The Court
5    screened his amended complaint pursuant to 28 U.S.C. § 1915 and dismissed the complaint with
6    leave to amend in part.  ECF No. 17.  The Court based its dismissal on the fact that Huang failed
7    to name his business as a plaintiff in the case and did not show that he had standing as an
8    individual. *Id.* at 2.  The Court granted limited leave to amend on the standing issue. *Id.* at 3-4.
9          The Court also denied Huang's second motion for a temporary restraining order.  ECF No.
10   16.  Again, the Court (1) found that Huang had failed to meet the additional procedural
11   requirements for issuing a TRO without notice to the adverse party, *id.* at 3-4; (2) held that Huang
12   failed to show a likelihood of success on the merits based on the problems identified in the first
13   screening order, *id.* at 4-5; and (3) held that Huang failed to show irreparable harm in the absence
14   of emergency injunctive relief because he delayed for two months after SBA denied his business's
15   final appeal before seeking emergency relief, *id.* at 5-6.  The Court again denied the motion
16   "WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction." *Id.*
17         On August 29, 2022, Huang filed a second amended complaint.  ECF No. 18.  On August
18   30, 2022, he filed a third motion for a temporary restraining order.  ECF No. 20.  The Court
19   denied the third motion for a temporary restraining order the following day, stating that Huang
20   still had not met the procedural requirements for issuance of a temporary restraining order without
21   notice to the adverse party, that Huang had not shown a likelihood of success on the merits, and
22   that Huang had not shown irreparable harm.  ECF No. 21.  The Court screened the SAC and
23   determined that while many of the problems identified in the previous screening orders remained,
24   it would allow service of the SAC on the Defendants. *Id.*
25         On November 21, 2022, Defendants filed the instant motion to dismiss. *See* MTD.  They
26   argue that the SAC should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and
27   12(b)(6). *See id.*
28

United States District Court
Northern District of California

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B. Motion to Dismiss for Failure to State a Claim – Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual

4

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### III.   ANALYSIS

Defendants argue that the case should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff does not have standing. MTD at 9-12.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Defendants argue that Plaintiff does not have standing because (1) he did not suffer any injury and (2) his alleged injury is not redressable. MTD at 9-12.

First, Defendants argue that Plaintiff has not suffered any injury. MTD at 10-11. Defendants assert that the only injury—the denial of a COVID EIDL loan—was to Plaintiff's business. *Id.* They argue that the proper plaintiff is the business, and not Huang as an individual. *Id.* Plaintiff argues that individuals can be parties to lawsuits and that he suffered an injury as the business owner. Opp. at 4. Plaintiff also points to a page on from SBA website titled "About COVID-19 EIDL" that stated that "small business owners . . . were able to apply for the COVID-19 [EIDL]" and that "small business owners must have met the eligibility requirements." *Id.* (citing SAC, Ex. AE (ECF No. 18-1)); *see also* Surreply at 1. He also argues that he was "injured directly and independent of the LLC" because business entities are distinct from their owners or members. Surreply at 2. He asserts that the "loan eligibility requirements fall squarely upon the

5

business owner." *Id.*

The Court will provide a brief background on the relevant statutes. The Coronavirus Aid, Relief, and Economics Security Act ("CARES Act") was enacted in March 2020, which temporarily expanded eligibility for SBA's EIDL program and appropriated $10 billion for a new "Emergency EIDL Grants" program, also known as the EIDL Advance Program. Pub. L. No. 116-136, 134 Stat. 281 (2020). In December 2020, Congress passed the Economic Aid Act, which extended the authority to make COVID EIDL loans through December 31, 2021 and further modified the terms under which SBA approves loans. Pub. L. No. 116-260, 134 Stat. 1182 (2020). In March 2021, the American Rescue Plan Act of 2021 was enacted, appropriating an additional $5 billion for Emergency EIDL Grants made under Section 1110(e) of the CARES Act. Pub. L. No. 117-2, 135 Stat. 4 (2021). SBA administers the EIDL and EIDL Advance programs. *See* 13 C.F.R. § 123.300 *et seq.*

Under the CARES Act, an "eligible entity" for an EIDL is a small business, cooperative, or other specified enterprise or an "individual who operates under a sole proprietorship, with or without employees, or as an independent contractor." 15 U.S.C. § 9009(a)(2). Plaintiff states that his business is incorporated, and he does not allege that he is a sole proprietor or independent contractor. *See* SAC. Plaintiff's business may be an "eligible entity" under the statute, but he as an individual is not. An individual small business owner can submit an application on behalf of the business, as indicated by the "About COVID-19 EIDL" page on the SBA website. But this does not mean that the individual has standing to bring a lawsuit to remedy an injury solely to the business. The Ninth Circuit has stated "that the shareholder of a corporation—even a sole shareholder—does not, in general, have standing to redress an injury to the corporation." *Shell Petroleum, N.V. v. Graves*, 570 F. Supp. 58, 62 (N.D. Cal. 1983), *aff'd*, 709 F.2d 593 (9th Cir. 1983). And "[i]njury to the corporation is not cognizable as injury to the shareholders, for purposes of the standing requirements." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (quoting *Shell Petroleum*, 570 F. Supp. at 63). An owner has standing if he "has been 'injured directly and independently from the corporation.'" *Id.* (quoting *Shell Petroleum*, 709 F.2d at 565). In the orders screening the complaint and amended complaint, the Court

informed Plaintiff that he needed to name the business as a plaintiff or allege facts indicating that he was separately injured as an individual. ECF No. 11 at 2; ECF No. 17 at 2. The Court also informed Plaintiff of this problem in its orders denying the second and third requests for temporary restraining orders. ECF No. 16 at 4-5; ECF No. 21 at 4-5. Plaintiff has failed to name the business. And, as argued by Defendants, Plaintiff has alleged no injury separate from the denial of his business's EIDL application. Plaintiff has not suffered an injury and does not have standing.

Defendants also argue that Plaintiff does not have standing because his injury is not redressable. MTD at 11-12. This argument constitutes a "factual attack" on subject matter jurisdiction, as it relies on outside evidence. Defendants assert that the injury to Plaintiff's business—the failure to give an EIDL loan—is not redressable because the COVID-19 EIDL program lapsed in May 2022. *Id.*

"It is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation." *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994). Defendants submitted a Declaration from Roger Garland, the Director of Processing, Verification, and Disbursement in the Office of Disaster Assistance at SBA. Declaration of Roger Garland, ECF No. 31-1 ("Garland Decl."). He states that as of Sunday, May 15, 2022, appropriated funds for COVID EIDL loans were exhausted. *Id.* ¶ 3. SBA stopped accepting new applications for loans or requests for reconsideration for loans and increases, and the program ended. *Id.* As of Monday, May 16, 2022, the online portal for COVID EIDL loans closed. *Id.* The program remained closed as of November 21, 2022, the date of the declaration. *Id.* ¶ 4.

Plaintiff argues that his injury is redressable because when the SBA closed the online portal, the funding had not yet been exhausted. Opp. at 5. He points to a letter from several Senators to the SBA, dated July 15, 2022, in which they asked the SBA to "resume processing COVID [EIDL] applications that were received prior to the agency's May 6, 2022 request deadline and to ensure applicants with outstanding appeals receive due consideration." *See* SAC,

Ex. AB (ECF No. 18-4). Plaintiff points to the following statement in the letter: "We find it particularly troubling that your agency continues to tell our offices that loans cannot be completed due to the exhaustion of funds when $800 million in loan subsidy remains – enough to support more than $7 billion in lending." Opp. at 5 (citing SAC, Ex. AB). Plaintiff also asserts that, in other cases, the SBA withdrew the argument that the EIDL program was exhausted. Surreply at 3. And he argues that the declaration submitted by Defendants was identical to that submitted in another case and that it is out of date. *Id.*

But Plaintiffs arguments do not change the dispositive fact: that the COVID EIDL program has lapsed. The declaration submitted by Defendants was signed on November 21, 2022, and it stated that the program had lapsed and was closed at the time. *See* Garland Decl. ¶¶ 3-4. Plaintiff has provided no evidence indicating that the program was open at that time, or that it has since reopened. The Court cannot order the SBA to provide a COVID EIDL loan to Plaintiff's business because the program has lapsed. *City of Houston*, 24 F.3d at 1424. Plaintiff's alleged injury is therefore not redressable.

Because the Plaintiff has not suffered an injury and any alleged injury to his business is not redressable, Plaintiff does not have standing. The Court therefore does not have subject matter jurisdiction, and it will not address Defendants' arguments under Rule 12(b)(6).

Defendants' motion to dismiss the SAC for lack of subject matter jurisdiction is GRANTED. In light of the fact that Plaintiff has already twice amended his complaint, and the fact that the lack of redressability could not be cured, the dismissal is WITHOUT LEAVE TO AMEND.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

Dated: April 19, 2023

_____
BETH LABSON FREEMAN
United States District Judge

8